IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**GURAL FOSTER**     **PLAINTIFF**

**V.**     **4:07CV01050-WRW**

**ANGIE MASSEY and PRO
WINDOW & DOOR INC.**     **DEFENDANTS**

## ORDER

Pending is Defendant's Motion to Dismiss Separate Defendant Angie Massey (Doc. No. 11). Plaintiff has not responded, and the time for doing so has passed. This is an action brought under Title VII of the Civil Rights Act for Employment Discrimination. Plaintiff seeks back pay, reinstatement, and damages. For the reasons provided below, Defendant's Motion is GRANTED.

Defendant argues that she cannot be held individually liable under Title VII, and therefore, Plaintiff fails to state a claim upon which relief may be granted.

**I. Standard**

A motion to dismiss should not be granted unless it appears beyond doubt that a plaintiff can prove no set of facts which would entitle him to relief.[1] The complaint's allegations must be accepted as true; and, the complaint, and all reasonable inferences arising from it, must be

---

[1] *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir. 1979).

construed in a plaintiff's favor.[2]  A complaint should not be dismissed merely because the complaint does not state with precision all elements that give rise to a legal basis for recovery.[3]

## II. Discussion

Defendant argues that she cannot be held individually liable under Title VII.  She is correct.  The Eighth Circuit has unequivocally held that supervisory employees are not individually liable under Title VII.[4]

A supervisory employee may be joined as a defendant in Title VII actions.[5]  However, the supervisory employee must be viewed as being sued in his capacity as an agent for the employer, and the employer alone is liable for a violation of Title VII.[6]  In other words, supervisors can be individually named as parties to a suit as agents and representatives of the employer, but they cannot be held individually liable for damages resulting from Title VII violations.

Plaintiff has named supervisor, Angie Massey, as a defendant in this case.  However, as a matter of law, since Massey cannot be held individually liable under Title VII, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Massey.

---

[2]*United States v. Mississippi*, 380 U.S. 128, 143 (1965); *Bennett v. Berg*, 685 F.2d 1053, 1059 (8th Cir.1983); *Bramlet v. Wilson*, 495 F.2d 714, 717 (8th Cir. 1974).

[3]*Bramlet v. Wilson*, 495 F. 2d 714, 716 (8th Cir. 1974); *Smith v. Quachita Technical College*, 337 F.3d 1079, 1080 (8th Cir. 2003).

[4]*Bonomolo-Hagen v. Clay Central-Everly  Community Sch. Dist.*, 121 F.3d 446-447 (8th Cir. 1997).

[5]*Grissom v. Waterloo Indus.*, 902 F. Supp. 867, 870 (E.D. Ark. 1995).

[6]*Id.*

## III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss Defendant Angie Massey (Doc. No 11) is GRANTED. Accordingly, Defendant Angie Massey is DISMISSED

IT IS SO ORDERED this 18th day of January 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE